UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REBECCA METZINGER, M.D.,** | * | NO. 19-10614 C/W NO. 20-599 *Applies to No. 19-10614* |
| v. | * | SECTION "R" (2) |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, THROUGH ITS SECRETARY** | * | JUDGE VANCE |
| | * | MAGISTRATE WILKINSON |

\* \* \*

## FEDERAL DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, TO TRANSFER

**MAY IT PLEASE THE COURT:**

The Secretary of the United States Department of Veterans Affairs (Federal Defendant or Secretary) respectfully submits this memorandum in support of its Rule 12(b)(1) motion to dismiss plaintiff's complaint, which is brought under the Equal Pay Act, 29 U.S.C. § 206(d). This Court has no jurisdiction over the Federal Defendant for the claims asserted under the Equal Pay Act. Rather, subject matter jurisdiction lies exclusively in the Court of Federal Claims. Therefore, the Federal Defendant respectfully requests that the Court dismiss this action without prejudice or, alternatively, transfer the case to the Court of Federal Claims, pursuant to 28 U.S.C. § 1631.

**I.    FACTS AND PROCEDURAL BACKGROUND**

Plaintiff, Rebecca Metzinger, M.D. (Metzinger), has been employed as the Chief of Ophthalmology at the Veterans Administration Medical Center, New Orleans (VAMC-NO) since July 2008. She brings this lawsuit against the Secretary under the provisions of the Equal Pay Act, 29 U.S.C. § 206(d). In her complaint, Metzinger, a female, asserts that she is being paid less than four male physicians that she supervises. *See* R. Doc. 1, ¶¶ 7, 13, 17 – 20. Metzinger claims

1

monetary damages under the Equal Pay Act for back pay, interest, liquidated damages for willful violation of the EPA, non-pecuniary damages, attorney's fees and penalties.  R. Doc. 1, ¶ 4.

## II.   LAW AND ARGUMENT

### A.   Standards of Review

A Rule 12(b)(1) motion to dismiss challenges a Federal court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The party asserting jurisdiction—here, Plaintiff—bears the burden of establishing that the Court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a Rule 12(b)(1) motion, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts. *Williams v. Wynne*, 533 F.3d 360, 364, 365 n.2 (5th Cir. 2008), *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

### B.   The Court lacks subject matter jurisdiction over suits brought against the Federal Government under the Equal Pay Act that seek in excess of $10,000.

It is axiomatic that the sovereign cannot be sued without its consent. Accordingly, other than those instances in which the Federal government has explicitly consented to be sued, the United States and its agencies are immune from suit. *Minnesota v. United States*, 305 U.S. 382, 59 S.Ct. 292 (1939)*; United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659 (1940); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767 (1941).

The United States' consent to suit may not be inferred. Therefore, in order to maintain such a suit, the claim must be squarely within the terms of a statute authorizing the type of suit sought to be prosecuted. In other words, "[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.' " *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 1014 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457 (1990)). Waivers of sovereign immunity must be strictly construed. *Wilkerson v. United States*, 67 F.3d 112 (If Congress has not clearly conferred jurisdiction upon the court, an action against the United States cannot be maintained. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361 (1990); *Koehler v. United States*, 153 F.3d 266, 265 (5th Cir. 1998). Plaintiff, as the party seeking exercise of jurisdiction in her favor, has the burden to prove that the Court has subject-matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,189 (1935); *Ramming v. United States*, 281 F.3d 158,161 (5th Cir. 2001).

The Tucker Act, 28 U.S.C. §§1346(a)(2) and 1491(a), grants exclusive jurisdiction to the Court of Federal Claims over any claim

> against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a). *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995) and cases cited therein. The Fifth Circuit "has consistently refused to allow district courts to adjudicate issues which belong solely to the Court of Claims, even though some other statute conferring jurisdiction would otherwise allow the district court to hear the case." *Wilkerson*, 67. F3d. at 118, citing *Amoco Production Co. v. Hodel*, 815 F.2d 352, 358 (5th Cir. 1987). "The law of this circuit is clear: the Court of Claims has exclusive jurisdiction of a Tucker Act claim in excess of $10,000." *Wilkerson* at 118, quoting *Ware v. United States*, 626 F.2d 1278, 1287 (5th Cir. 1980).

3

In this case, the Court need only look to plaintiff's complaint to resolve the Secretary's motion. Metzinger brings the instant action under the Equal Pay Act, 29 U.S.C. § 206(d). R. Doc. 1, ¶ 1. The Fifth Circuit has held that "a plaintiff asserting an Equal Pay Act cause of action must bring that action in the Court of Federal Claims if the claim, including the fees sought, exceeds $10,000. *Barnes v. Levitt*, 118 F.3d 404 (5th Cir. 1997). Metzinger's complaint demonstrates that she is seeking in excess of $10,000, including at least $40,000 per year for three years in back pay, interest, liquidated damages for willful violation of the EPA, non-pecuniary damages, attorney's fees and penalties. R. Doc. 1, ¶ 4, 7 and 15. Accordingly, exclusive subject matter jurisdiction over plaintiff's claim lies in the Court of Federal Claims. Therefore, the Court should dismiss plaintiff's complaint without prejudice. Alternatively, in the interests of justice, the Court may transfer plaintiff's suit to the Court of Federal Claims, rather than dismiss it. 28 U.S.C. § 1631, *Oakbrook Village Associates v. Cisneros*, 25 F.Supp.2d 730, 734 (E.D. La. Sept. 30, 1998).

## CONCLUSION

For the foregoing reasons, the Federal Defendant respectfully submits that plaintiff's complaint under the Equal Pay Act, 29 U.S.C. § 206(d) should be dismissed without prejudice

due to this Court's lack of subject matter jurisdiction. Alternatively, plaintiff's action should be transferred to the Court of Federal Claims.

                                                Respectfully submitted,

                                                PETER G. STRASSER
                                                UNITED STATES ATTORNEY

                                                */s/ Sharon D. Smith*
                                                **SHARON D. SMITH**
                                                Assistant United States Attorney
                                                LA Bar Roll No. 17146
                                                U.S. Attorney's Office (E.D. La.)
                                                650 Poydras Street, Suite 1600
                                                New Orleans, Louisiana 70130
                                                Telephone: (504) 680-3004
                                                Email: sharon.d.smith@usdoj.gov
                                                *Counsel for the Federal Defendant*