UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA METZINGER, M.D.                              CIVIL ACTION

VERSUS                                               NO. 19-10614
                                                     C/W NO. 20-599

UNITED STATES DEPARTMENT OF              SECTION "R" (2)
VETERANS AFFAIRS, ROBERT L.
WILKIE, SECRETARY

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss or transfer plaintiff's

Equal Pay Act claim.[1]  Because the Court lacks jurisdiction, the Court grants

defendant's motion and transfers plaintiff's Equal Pay Act claim to the Court

of Federal Claims.

## I.    BACKGROUND

Starting in 2008, plaintiff Dr. Rebecca Metzinger worked as Chief of

the Opthalmology Section of the Veterans Affairs hospital in New Orleans.[2]

Metzinger alleges that in 2017, she learned that she was paid less than the

---

[1]    R. Doc. 28.
[2]    *See* R. Doc. 1 at 4 ¶ 7.

male staff physicians she supervised.[3]  She also alleges that between 2008 and summer 2017, the hospital had convened biannual panels to increase pay based on merit for Metzinger's male colleagues, but had not done the same for her.[4]

Metzinger filed a complaint with the EEOC alleging various claims, including that the government had violated the Equal Pay Act and Title VII by paying her less than her male colleagues.[5]  On May 21, 2019, plaintiff filed a complaint in this Court against the Department of Veterans Affairs, in which she alleged only her Equal Pay Act claim.[6]  The EEOC later dismissed Metzinger's remaining Title VII claim on procedural grounds, as plaintiff had filed an Equal Pay Act claim in federal court that arose from the same facts and circumstances.[7]  Plaintiff then filed a civil suit in this Court alleging a Title VII claim against the same defendant.[8]  Defendant moves to dismiss, or in the alternative, to transfer only Metzinger's Equal Pay Act claim.[9]  It

---

[3]    *See id.* at 5-6 ¶ 10.
[4]    *See id.* at 6-7 ¶¶ 13-14.
[5]    *See* R. Doc. 1 at 3 ¶ 5, 6 ¶ 11.
[6]    *See generally* R. Doc. 1.
[7]    *See* Case No. 20-599, R. Doc. 1-2.
[8]    *See* Case No. 20-599, R. Doc. 1.
[9]    R. Doc. 28.

argues that exclusive jurisdiction over Equal Pay Act claims against the government above $10,000 lies with the Court of Federal Claims.[10]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion.  *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

---

[10]    *See* R. Doc. 28-1.

In considering subject matter jurisdiction, courts may dismiss on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists.  *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).  In considering subject matter jurisdiction,

If the Court determines that it lacks jurisdiction, but that another court does have jurisdiction, dismissal is not the only option.  Under 28 U.S.C. § 1631 when a "court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  *See also In re Exclusive Indus. Corp.*, 751 F.2d 806, 808-09 (5th Cir. 1985) (finding that the district court lacked jurisdiction but that transfer of the case to a different district under 28 U.S.C. § 1631 was proper).

4

## III.  DISCUSSION

The Tucker Act grants the Court of Federal Claims jurisdiction over any claim "against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a).  The "little" Tucker Act grants district courts jurisdiction only over claims against the government that do not exceed $10,000.  *See* 28 U.S.C. § 1346(a)(2).  The Fifth Circuit has therefore held that "a plaintiff asserting an Equal Pay Act cause of action [against the government] must bring that action in the Court of Federal Claims if the claim, including the fees sought, exceeds $10,000."  *Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997).  Numerous other courts have come to the same conclusion.  *See, e.g.*, *Scharder v. Tomlinson*, 311 F. Supp. 2d 21, 25-26 (D.D.C. 2004); *Huddleston v. Donovan*, 524 F. Supp. 179, 180-81 (N.D. Ill. 1981).  Therefore, the Court of Federal Claims has de facto exclusive jurisdiction over Tucker Act claims over $10,000.

Here, plaintiff clearly seeks more than $10,000 in damages from the government for her Equal Pay Act claim.  She seeks back pay, interest, reimbursement for additional taxes, and attorney's fees.[11]  Plaintiff's request

---

[11]    R. Doc. 1 at 12-15 ¶¶ 23-28.

for at least three years' back pay of $40,000 per year by itself is sufficient to cross the $10,000 threshold.[12]  Because plaintiff seeks more than $10,000, this Court lacks jurisdiction, and jurisdiction can lie only in the Court of Federal Claims.

Plaintiff resists this conclusion by arguing that her Equal Pay Act claim is not a Tucker Act claim in light of the Supreme Court's ruling in *United States v. Bormes*, 568 U.S. 6 (2012).  In that case, the Supreme Court considered a separate statute—the Fair Credit Reporting Act—and held that "[w]here . . . a statute contains its own self-executing remedial scheme, [courts] look only to that statue to determine whether Congress intended to subject the United States to damages liability."  *Id.* at 11.  The Supreme Court held that the Tucker Act was displaced as a result of the FCRA's detailed remedial scheme, which included provisions that "'set out a carefully circumscribed, time-limited, plaintiff-specific' cause of action, and 'also precisely define[d] the appropriate forum.'"  *Id.* at 15 (citing *Hinck v. United States*, 550 U.S. 501, 507 (2007)).  The Supreme Court did not address the question of whether the FCRA waived sovereign immunity, but rather held only that when a plaintiff sues under the FCRA, a court should look to the

---

[12]     *See id.* at 7 ¶ 15.

FCRA, rather than the Tucker Act, to determine whether sovereign immunity had been waived.

Plaintiff argues that the reasoning of *Bormes* applies with equal force to the Fair Labor Standards Act, of which the Equal Pay Act is a part. But courts that have considered this exact argument have rejected it. For example, the Federal Circuit—the circuit most familiar with the Tucker Act—rebuffed this argument in *Abbey v. United States*, 745 F.3d 1363, 1370-71 (Fed. Cir. 2014). In that case, the Federal Circuit drew a distinction between the remedial schemes of the FCRA and the FLSA. Specifically, the FCRA allows suits to be brought "in any appropriate United States <u>district court</u>, without regard to the amount in controversy, or any other court of competent jurisdiction." 15 U.S.C. § 1681p (emphasis added). The Supreme Court noted that this provision in the FRCA "precisely define[s] the appropriate forum." *Bormes* at 15 (citing *Hinck*, 550 U.S. at 507). On the other hand, the FLSA allows for suit to be brought "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The Federal Circuit held that, unlike the FCRA, the FLSA did "not specify a forum that is contrary to that specified by the Tucker Act" and that this "statute specific conclusion takes [an] FLSA case outside of the reach of the *Bormes* principle." *Abbey*, 745 F.3d at 1370. *See also Adair v. Bureau of Customs & Border Protection*, 191 F. Supp. 3d

129, 133-34 (D.D.C. 2016) (holding that *Bormes* does not displace established caselaw that FLSA claims exceeding $10,000 must be brought in the Court of Federal Claims).

The reasoning of the Federal Circuit in *Abbey* is persuasive.  The FLSA does not limit the appropriate forum to federal district courts as the FCRA does, as it allows for suit in any state or federal court, which includes the Court of Claims, that could otherwise hear the case.  Plaintiff's Equal Pay Act claim against the government for more than $10,000 is therefore a claim subject to the Tucker Act, and it could be brought only in the Court of Federal Claims.

Plaintiff also argues that her Equal Pay Act claim should not be dismissed or transferred because the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500.  That statute provides that

> [t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in another court any suit or process against the United or any person who, at the time when the cause of action alleged in such action arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

Plaintiff's argument seems to suggest that if the Court of Federal Claims lacks jurisdiction, subject matter jurisdiction would exist in this

Court by default.  The Fifth Circuit has rejected such an argument.  In an analogous case, the Fifth Circuit determined that a lack of jurisdiction in the Court of Federal Claims does not operate to vest jurisdiction in a federal district court which otherwise had no jurisdiction.  It stated: "Subject matter jurisdiction either exists or does not exist; we may not create it where there is no basis for doing so simply because another forum does not exist." *Charles v. McHugh*, 613 F. App'x 330, 334 (5th Cir. 2015).

Both parties argue, in the alternative, that the Court should transfer plaintiff's Equal Pay Act claim to the Court of Federal Claims.  The transfer statute states that when a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631.  A court may therefore transfer plaintiff's Equal Pay Act claim if it finds that the Court of Federal Claims has jurisdiction.

As plaintiff points out, 28 U.S.C. § 1500 deprives the Court of Federal Claims of jurisdiction over a Tucker Act claim when another claim against the government arising from the same facts was filed before or simultaneously with the Tucker Act claim.  *See, e.g.*, *Philbert v. United States*, 779 F. App'x 733, 736 (Fed. Cir. 2019) (affirming dismissal under 28

U.S.C. § 1500 of an Equal Pay Act claim transferred to the Court of Federal Claims when plaintiff simultaneously filed a Title VII claim in the district court); *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (same). But the Court of Federal Claims follows a sequential filing rule. Under this rule, if the Tucker Act claim is filed first, a later-filed claim against the government does not divest the Court of Federal Claims of jurisdiction. *See Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943, 949-950 (Ct. Cl. 1965) (establishing the sequential rule and allowing a Tucker Act claim to proceed even when plaintiffs filed later complaints based on the same facts in the Eastern District of Kentucky).  And the transfer statute requires that the Court of Federal Claims "proceed as if [the claim] had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."  28 U.S.C. § 1631.  In other words, the Court of Federal Claims must treat plaintiff's Equal Pay Claim as filed on May 21, 2019—the date on which it was filed in this Court.[13]  And because plaintiff filed her Title VII claim[14] on February 18, 2020—well after her Tucker Act claim—the sequential filing rule established

---

[13]     *See* R. Doc. 1.

[14]     *See* Case No. 20-599, R. Doc. 1.

in *Tecon* dictates that 28 U.S.C. § 1500 does not act as a bar to jurisdiction in the Court of Federal Claims.

The Supreme Court has cast some doubt on the sequential filing rule. In *United States v. Tohono O'Odham Nation*, 563 U.S. 307 (2011), the Supreme Court suggested that precedent in the Federal Circuit should not suppress the primary aim of 28 U.S.C. § 1500, which is "to save the government from the burdens of redundant litigation." *Id.* at 315. But the Court specifically noted that "[t]he *Tecon* holding is not presented in this case because the CFC action here was filed after the District Court suit." *Id.* And the Court of Federal Claims and Federal Circuit have steadfastly adhered to the sequential filing rule, even post-*Tohono*. *See Fairholme Funds, Inc. v. United States*, 147 Fed. Cl. 1, 24-25 (2019) (rejecting an argument to reinterpret 28 U.S.C. § 1500 as barring a Tucker Act claim filed before other claims against the government in a district court); *Resource Investments, Inc. v. United States*, 785 F.3d 660, 669-70 (Fed. Cir. 2015) ("We are bound by *Tecon* which remains the law of this circuit."); *Brandt v. United States*, 710 F.3d 1369, 1379 n.7 (Fed. Cir. 2013) ("Because [plaintiff] filed his takings complaint in the Court of Federal Claims before he filed his appeal . . . the order-of-filing rule set forth in *Tecon*, which was not at issue in *Tohono*, and which remains the law of this circuit, is satisfied."); *Pellegrini v. United*

*States*, 103 Fed. Cl. 47, 51 n.4 (2012) (rejecting an argument to overrule *Tecon* and noting that "while dicta from a higher court may on occasion prove persuasive, . . . this discussion in *Tohono* is not of that ilk").  The sequential filing rule therefore remains the law of the Federal Circuit and the Court of Federal Claims.

Should the Court of Federal Claims revisit the holding of *Tecon*, it may choose to dismiss plaintiff's Equal Pay Act claim under 28 U.S.C. § 1500. This would mean that no forum can hear plaintiff's Equal Pay Act claim, as no court would have subject matter jurisdiction.  Judges have recognized this is a harsh result.  *See, e.g.*, *Tohono*, 563 U.S. at 329-30 (Sotomayor, J., concurring in the judgment) (describing application of 28 U.S.C. § 1500 as "anachronistic," "harsh," and "arbitrary").  Nonetheless, courts have found that such a harsh result is required by the statute.  *See, e.g.*, *Harbuck v. United States*, 58 Fed. Cl. 266, 270 (2003) (acknowledging that strict application of 28 U.S.C. § 1500 may lead to unjust results, but is required by law).

In summary, the Court finds that while it lacks jurisdiction, the law of the Federal Circuit makes clear that jurisdiction exists in the Court of Federal Claims.  Because transfer to that court would be in the interest of justice, transfer is appropriate pursuant to 28 U.S.C. § 1631.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion.

Plaintiff's Equal Pay Act claim is transferred to the Court of Federal Claims.

New Orleans, Louisiana, this ____4th____ day of May, 2020.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

!
!