UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REBECCA METZINGER, M.D. | CIVIL ACTION |
| VERSUS | NO. 19-10614<br>C/W NO. 20-599 |
| UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS | SECTION "R" (2) |

# **ORDER AND REASONS**

Before the Court is defendant's motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and to dismiss or, alternatively, to strike pursuant to Rule 12(f). The Court finds that plaintiff's First Claim failed to state a claim upon which relief can be granted. Further, the Court finds that it lacks jurisdiction over plaintiff's Fourth Claim. Therefore, the Court grants the motion as to those claims. The Court denies defendant's motion to strike the complaint because neither the whole complaint nor individual parts of it are sufficiently immaterial, and the defendant is not prejudiced.

I.      **BACKGROUND**

On February 18, 2020, Dr. Rebecca Metzinger sued Robert L. Wilkie, Secretary of the Department of Veteran's Affairs, Veteran's Health Administration ("VA").[1] Plaintiff alleges that she works as Ophthalmology Service Chief at the at the VA facility in New Orleans, Louisiana.[2] In the original complaint, plaintiff alleges in her "First Claim" that the VA wrongfully dismissed her Title VII claims at the Office of Employment Discrimination Complaint Adjudication ("OEDCA")[3] and asks the Court to reinstate them.[4] Plaintiff further asserts in her "Second Claim" two Title VII claims. First, she alleges wage discrimination based on sex, contending that her pay was less than her male counterparts even though she performed more work.[5] Second, she alleges that she was subjected to a "hostile work environment" and "harassment" at her job.[6]

---

[1]     R. Doc. 1 (Case No. 20-599).
[2]     *Id.* at 2 ¶¶ 2-3.
[3]     The OEDCA is an office within the VA that may issue "Final Agency Decisions" on EEO complaints. *See Carter v. Dep't of Veterans Affairs*, 228 F. App'x 399, 400 (5th Cir. 2007). Among other things, the Secretary of the VA has delegated to it the authority to make procedural and other decisions to dismiss EEO complaints. 38 C.F.R. § 26(i).
[4]     R. Doc. 1 at 9-11, ¶¶ 13-19 (Case No. 20-599).
[5]     *Id.* at 12, ¶ 20.
[6]     *Id.* at 12-13, ¶ 21.

In an amended complaint, plaintiff asserts additional allegations in support of her Second Claim[7] and brings a "Third Claim" for retaliation under Title VII, alleging that Dr. James Smith and Dr. Ralph Schapira retaliated against her for bringing Title VII claims.[8] Finally, in her "Fourth Claim," plaintiff asserts state law defamation against Drs. Smith and Schapira for allegedly calling her a "poor leader" to three doctors at Tulane.[9] Plaintiff seeks three years of back pay and damages for mental distress and loss of her reputation.[10] She further asks for several forms of declaratory and injunctive relief.[11]

On May 19, 2020, defendant moved for partial dismissal under Federal Rule of Civil Procedure Rule 12(b)(1) and (6), or to strike plaintiff's complaint, either in whole or in part, under Rule 12(f).[12] Dr. Metzinger opposes the motion.[13]

---

[7]    R. Doc. 6 at 5-10, ¶¶ 31-45 (Case No. 20-599).
[8]    *Id.* at 10-11, ¶ 46.
[9]    *Id.* at 11-12, ¶¶ 47-48.
[10]   *Id.* at 12-13, ¶ 49.
[11]   *Id.* at 13, ¶ 49.
[12]   R. Doc. 55 (Case No. 19-10614).
[13]   R. Doc. 63 (Case No. 19-10614).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, the Court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In assessing a challenge to its subject matter jurisdiction, the Court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists. See *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

### B. Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views the facts in the light most favorable to the plaintiff. See *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### C. Rule 12(f)

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored, . . ."); *Synergy Mgmt., LLC v. Lego Juris A/S*, No. 07-5892, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("Motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted.").

## III. DISCUSSION

### A. First Claim

In the First Claim of the original complaint, plaintiff asks the Court to reinstate her Title VII claims which, she alleges, an Administrative Law Judge ("ALJ"), Erania Ebron, at the Equal Employment Opportunity Commission ("EEOC") and the OEDCA wrongfully dismissed.[14] Defendant characterizes the First Claim as an invalid claim for "improper processing" and seeks its dismissal for lack of subject matter jurisdiction or failure to state a claim.[15] In her response, plaintiff concedes that she is not asserting a claim against the EEOC, and states that her allegations go to show that she exhausted administrative remedies on her Title VII claims.[16] Nevertheless, she challenges the administrative process and asks the Court to reinstate her claims.[17] The VA is the only defendant.

As the Fifth Circuit has defined it, a claim for improper processing is one in which a private employee sues the Equal Employment Opportunity Commission ("EEOC"), or a federal employee sues her employing agency for "improper investigation or processing of an employment discrimination

---

[14]   R. Doc. 1 at 8, ¶ 13 (Case No. 20-599).
[15]   R. Doc. 55-1 at 8, 11 (Case No. 19-10614).
[16]   R. Doc. 63 at 16 (Case No. 19-10614).
[17]   *Id.* at 17.

charge." *Daniels v. Caldera*, 237 F.3d 631, 2000 WL 1701699 (5th Cir. 2000) (per curiam) (table) (quoting *Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978)).  Plaintiff's claim fits this description.  The First Claim contains two parts, both describing errors in the administrative process.  First, plaintiff alleges error by the ALJ when she dismissed plaintiff's EEO complaint and by the OEDCA when it adopted the ALJ's order of dismissal.[18]  Second, she asserts that the ALJ erred by failing to address several Title VII claims that were accepted by the EEO investigator.[19]  By asserting these alleged errors, plaintiff challenges the processing of her EEO complaint by the EEOC and the OEDCA.

The First Claim must be for improper processing.  It cannot be a Title VII discrimination claim because plaintiff does not allege any prohibited discrimination by the VA—the only defendant in this suit.  Nor does it assert any Title VII claims brought in the administrative process that are not otherwise before the Court.  Additionally, by "challeng[ing] the administrative finding," plaintiff seems to be asking the Court to review the ALJ's and the OEDCA's determinations.[20]  But this lawsuit is not an appeal from the EEOC or from the VA's final agency decision.  Title VII claims are

---

[18]   R. Doc. 1 at 8, ¶ 13 (Case No. 20-559).
[19]   *Id.* at 11, ¶ 17.
[20]   R. Doc. 63 at 17 (Case No. 19-10614).

8

adjudicated *de novo* in federal court. *See Chandler v. Roudebush*, 425 U.S. 840, 864 (1976). The First Claim merely alleges that, because of the purported errors, the ALJ and the OEDCA improperly processed or mishandled her EEO complaint. For these reasons, the Court finds that plaintiff's First Claim is for improper processing.

Next, the Court must address whether it has subject matter jurisdiction over the First Claim and, if it does, whether plaintiff failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). Title VII waives sovereign immunity for "civil actions" alleging "discrimination based on race, color, religion, sex, or national origin" against federal employers. 42 U.S.C. § 2000e-16(a), (c); *see Loeffler v. Frank*, 486 U.S. 549, 558-59 (1988). Two circuit courts, including the Fifth Circuit, have addressed improper processing claims brought by federal employees and implicitly found that they had jurisdiction. *Daniels*, 237 F.3d, 2000 WL 1701699 at *3; *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). In both cases, the courts held that the plaintiffs failed to state claims upon which relief can be granted and dismissed the claims on summary judgment. *Daniels*, 237 F.3d, 2000 WL 1701699 at *3; *Jordan*, 205 F.3d at 342. Further, in claims where private employees bring claims against the EEOC for improper processing, numerous circuit courts have implicitly found that jurisdiction exists over

9

such claims. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (affirming dismissal of the EEOC for failure to state a claim); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (same); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991) (same); *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) (affirming summary judgment in favor of the EEOC); *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 18 (1st Cir. 1979) (same as *Smith*). Based on the above authority, the Court finds that it has jurisdiction over plaintiff's First Claim.

For several reasons, plaintiff has failed to state a claim upon which relief can be granted. The Fifth Circuit has expressly held that federal employees have no cause of action for improper processing under Title VII. *Daniels*, 237 F.3d, 2000 WL 1701699 at *3. Moreover, beyond asking the Court to reinstate her claims, plaintiff is not requesting any relief for the alleged errors. But reinstating these claims at the EEOC or the OEDCA would be pointless because the Title VII claims are already before this Court *de novo*. *See Chandler*, 425 U.S. at 864. As the Seventh Circuit explained in *Jordan v. Summers*, 205 F.3d at 342, "even if the EEO Division [of the Department of the Treasury] botched the processing of her complaint, [plaintiff] is now already in a federal court on the merits, and any earlier mishandling is essentially moot." By bringing her claims in federal court,

10

plaintiff has already received the remedy she requests. Therefore, Dr. Metzinger's First Claim fails to state a claim upon which relief can be granted. For the foregoing reasons, plaintiff's First Claim must be dismissed.

### B. Fourth Claim

In the Fourth Claim, plaintiff asserts a state law defamation claim against Dr. Smith and Dr. Schapira.[21] Plaintiff alleges that the two doctors were acting "outside the course and scope of their employment with the VA" when they disparaged plaintiff's leadership capabilities to three of plaintiff's colleagues.[22] Defendant claims that the state defamation claim is preempted by Title VII, the Rehabilitation Act, and the ADEA.[23]

It is well settled that Title VII provides the exclusive and preemptive remedy for claims of discrimination in federal employment. *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992) (racial discrimination); *see Sapp v. Potter*, 413 F. App'x 750, 753 (affirming dismissal of § 1981 claim where the plaintiff brought claims under Title VII); *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) ("[T]he established principle leads unerringly to the conclusion that § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination

---

[21] R. Doc. 6 at 11-12, ¶ 47-48 (Case No. 20-599).
[22] *Id.* at 11, ¶ 47.
[23] R. Doc. 55-1 at 5-6 (Case No. 19-10614).

11

in federal employment."). The Fifth Circuit has "interpreted the Supreme Court's mandate in *Brown* to mean that, when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." *Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1997) (citing *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)), *cert. granted, judgment vacated*, 525 U.S. 801 (1998), *relevant portion reinstated by* 167 F.3d 228 (5th Cir. 1999). Stated differently, "[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." *Id.* at 933.

Here, plaintiff's Fourth Claim alleges a state law tort claim that is clearly preempted. Plaintiff relies on the same facts that underly her defamation claim to support her Title VII hostile work environment and reprisal claims.[24] The Court lacks jurisdiction to hear state tort claims that are preempted by Title VII. *See Smith v. Harvey*, 265 F. App'x 197, 200 (5th Cir. 2008) (affirming dismissal under 12(b)(1) for lack of jurisdiction where

---

[24] *Compare* R. Doc. 6 at 11, ¶ 47 (Case No. 20-599) *and id.* at 10, ¶ 46 *with* R. Doc. 1 at 16, ¶ 22, # 11 (Case No. 20-599) ("Smith and Schapira, without any cause, openly disparaged her leadership and abilities to Dr. Metzinger's Colleagues at Tulane University –Dr. Caldwell, Dr. Ayalla and Dr. Weiss.").

Title VII preempted state tort and 42 U.S.C. § 1981 claims). For the reasons discussed above, plaintiff's Fourth Claim is dismissed under Rule 12(b)(1).

### C. Motion to Strike

Defendant moves under Rule 12(f) to strike plaintiff's original complaint and her amending complaint (collectively the "complaint") in their entirety, arguing that the pleadings violate Rule 8. Alternatively, defendant asks the Court to strike those portions of the complaint that violate Rule 8.

#### 1. Rule 8

Under the Federal Rules of Civil Procedure, the complaint must meet Rule 8(a)(2)'s "short and plain" requirement and Rule 8(d)(1)'s "simple, concise, and direct" requirement. The "purpose" of Rule 8 is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity. *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quotation marks and citation omitted). Courts have found violations of these rules when pleadings were needlessly long, highly repetitious, confused, or "consisted of incomprehensible rambling." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed.).

Defendant raises several problems with plaintiff's complaint. First, the complaint is long: 35 pages without attachments, and 86 pages with.[25] Second, defendant argues that the pleading contains "numerous lengthy, verbose, and rambling paragraphs filled with irrelevant facts, arguments, and evidentiary material."[26]  Third, defendant says that plaintiff unnecessarily incorporates by reference allegations contained in previous paragraphs, which has the effect of including "irrelevant verbiage" throughout the complaint and even obscuring the nature of plaintiff's claims.

The Court agrees that plaintiff's complaint is unnecessarily prolix and contains unnecessary factual allegations. It is not a model of what Rule 8 requires. Nevertheless, for the reasons discussed below, the Court does not strike the entirety of the complaint or individual parts of it.

### 2. *Rule 12(f)*

The Court notes that striking the pleadings under Rule 12(f) "is a drastic remedy," and it should only be resorted to "when required for the purposes of justice." Courts generally require *both* immateriality *and* prejudice when granting motions to strike. *See e.g. Baytown Christian*

---

[25]   This page total includes both the Original Complaint, R. Doc. 1 (Case No. 20-599), and Plaintiff's First Amending and Supplementing Complaint, R. Doc. 6 (Case No. 20-599).
[26]   R. Doc. 55-1 at 15 (Case No. 19-10614).

14

*Fellowship Church v. Underwriters at Lloyd's, London,* No. 10-5173, 2012 WL 3129094, at *1 (S.D. Tex. July 31, 2012) ("Striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." (internal quotation and citation omitted)).

Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Id.* (internal quotation omitted). Regarding the motion to strike the entire complaint, the Court acknowledges that "[t]he pleading of evidence in the detail and to the extent demonstrated here is both unnecessary and distracting to the [C]ourt as well as to opposing counsel." *Id.* But while several paragraphs of the complaint are irrelevant and the complaint contains unnecessary factual detail, it "is not so pervasively immaterial as to require striking the entire complaint." *Id.*

Furthermore, defendant did not show that it will suffer prejudice by responding to the complaint, either in whole or in part. Defendant has not pointed to a "litigation advantage" that plaintiff will enjoy because of the failings defendant asserts. *Id.* (finding that "there is no litigation advantage" where allegations plead too much evidence). Further, although defendant has discussed and classified paragraphs it deems problematic, it does not

15

contend that any paragraph is too complex to respond to. It has not shown that it will face an undue burden when it responds to any or all of plaintiff's allegations.

Defendant also argues that plaintiff may have inadvertently added causes of action that were not exhausted by incorporating paragraphs of the original complaint in the amending complaint. Defendant contends that this may require it to file a motion to dismiss. Defendant's perceived need to file a motion to dismiss is not the sort of prejudice that would justify an order striking any part of plaintiff's complaint.

Therefore, the Court denies defendant's motion to strike plaintiff's complaint in whole or in part.

## IV. CONCLUSION

The Court GRANTS defendant's motion to dismiss plaintiff's First Claim and plaintiff's Fourth Claim. The Court DENIES defendant's motion to strike plaintiff's complaint, in whole or in part.

New Orleans, Louisiana, this __18th__ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE