# United States Court of Appeals for the Federal Circuit

---

**REBECCA METZINGER, M.D.,**
*Plaintiff-Appellant*

v.

**DEPARTMENT OF VETERANS AFFAIRS, VETERANS HEALTH ADMINISTRATION,**
*Defendants-Appellees*

---

2020-1906

---

Appeal from the United States District Court for the Eastern District of Louisiana in Nos. 2:19-cv-10614-SSV-DPC, 2:20-599-cv-00599-SSV-DPC, Judge Sarah S. Vance.

---

Decided: December 14, 2021

---

MARIE O. RICCIO, Law Offices of Marie Riccio, New Orleans, LA, argued for plaintiff-appellant.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendants-appellees. Also represented by REGINALD THOMAS BLADES, JR., JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, CLEVENGER, and STOLL, *Circuit Judges*.

PROST, *Circuit Judge*.

Appellant Rebecca Metzinger, M.D., appeals from an order of the U.S. District Court for the Eastern District of Louisiana transferring her Equal Pay Act ("EPA") claim to the U.S. Court of Federal Claims under 28 U.S.C. § 1631. We affirm.

## BACKGROUND

Dr. Metzinger brought an EPA action against her employer, the Department of Veterans Affairs, in the U.S. District Court for the Eastern District of Louisiana. She alleged that the government violated the EPA, 29 U.S.C. § 206(d), by paying her less than her male subordinates, and she sought over $10,000 in damages.[1]

The government moved to dismiss Dr. Metzinger's EPA claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court of Federal Claims had exclusive subject-matter jurisdiction over EPA claims against the government for over $10,000. In the alternative to dismissal, the government requested that the district court transfer Dr. Metzinger's EPA claim to the Court of Federal Claims under 28 U.S.C. § 1631. Dr. Metzinger opposed dismissal but allowed that if the district court concluded that it lacked jurisdiction, it should transfer the EPA claim to the Court of Federal Claims.

The district court agreed with the government that it lacked subject-matter jurisdiction over Dr. Metzinger's EPA claim and that the Court of Federal Claims had such jurisdiction. J.A. 8, 10, 14. So, instead of dismissing the

---

[1] Months later, Dr. Metzinger brought a separate action against the government in the same district court alleging violations of Title VII of the Civil Rights Act of 1964. The district court consolidated the two actions.

claim, the district court transferred it to the Court of Federal Claims under 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

Dr. Metzinger appealed, both to this court and to the Fifth Circuit. After docketing this appeal, we issued an order staying the briefing schedule and directing the parties to inform us how they believed the appeal should proceed in light of the docketed Fifth Circuit appeal. *See* Order (June 30, 2020), ECF No. 2. Shortly thereafter, the government moved to dismiss Dr. Metzinger's Fifth Circuit appeal for lack of jurisdiction, and the Fifth Circuit did so summarily. The parties then jointly informed us how they believed this appeal should proceed. Notably, in this joint filing, the government reversed course: it now "agree[d] with Dr. Metzinger that the [district court] possesse[d] jurisdiction to hear her case, and that it erred when it concluded that it did not." Joint Response at 2 (Aug. 26, 2020), ECF No. 20-1.

We have exclusive jurisdiction over this appeal from the district court's transfer order. 28 U.S.C. § 1292(d)(4)(A).

## DISCUSSION

A proper 28 U.S.C. § 1631 transfer requires both that the transferor court lack jurisdiction and that the transferee court have it. *See Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1374 (Fed. Cir. 2007). The district

court transferred this EPA claim to the Court of Federal Claims under § 1631 because it concluded that it lacked subject-matter jurisdiction over the claim and that the Court of Federal Claims had it. If the district court's jurisdictional conclusions were correct, the parties do not suggest any abuse of discretion in its decision to transfer under § 1631 instead of dismissing. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008) (reviewing for abuse of discretion trial court's decision whether to transfer under § 1631 or dismiss if it lacks jurisdiction). The propriety of this transfer therefore depends solely on the district court's conclusions of subject-matter jurisdiction, which we review de novo. *E.g.*, *Fisherman's Harvest*, 490 F.3d at 1374.

There is no question that under our precedent the Court of Federal Claims has subject-matter jurisdiction over Dr. Metzinger's EPA claim. In *Abbey v. United States*, this court continued a long line of cases holding that the Tucker Act, 28 U.S.C. § 1491(a)(1), gives the Court of Federal Claims subject-matter jurisdiction over a money-damages claim against the government brought under the Fair Labor Standards Act of 1938 ("FLSA"). 745 F.3d 1363, 1368–72 (Fed. Cir. 2014). Because the EPA is part of the FLSA—indeed, the same statutory provision that supplied the FLSA claim in *Abbey*, 29 U.S.C. § 216(b), supplies Dr. Metzinger's EPA claim here—*Abbey* dictates that the Court of Federal Claims has subject-matter jurisdiction over Dr. Metzinger's EPA claim. Although the government maintains that *Abbey* was incorrectly decided, Appellees' Br. 7, 10–13, that argument is misplaced; we are bound by prior panel decisions of this court unless and until overturned en banc. *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988).

The question, then, is whether the district court had subject-matter jurisdiction over the claim. If it did, this

METZINGER v.                                                            5
DEPARTMENT OF VETERANS AFFAIRS

transfer was improper. The parties say it did.[2] They argue that 28 U.S.C. § 1331 gave the district court federal-question jurisdiction over the claim. And they insist that *Abbey* did not decide that a district court would have *lacked* jurisdiction over a claim such as this—only that the Court of Federal Claims *has* it. Appellant's Br. 28–29; Appellees' Br. 7. For the reasons below, we disagree with this cramped reading of *Abbey* and conclude that under *Abbey*'s reasoning district courts lack subject-matter jurisdiction over an FLSA or EPA claim such as Dr. Metzinger's—i.e., one against the government for over $10,000. But before addressing the argument, we briefly review the principal statutes and caselaw bearing on this issue, up to and including *Abbey*.

I

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Tucker Act and its companion the Little Tucker Act, 28 U.S.C. § 1346(a)(2), provide such a waiver. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (Tucker Act); *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (Little Tucker Act). The Tucker Act (sometimes dubbed the "Big" Tucker Act) gives the Court of Federal Claims jurisdiction over nontort claims "against the United States" founded upon "any Act of Congress." 28 U.S.C. § 1491(a)(1). The Little Tucker Act (as relevant here) gives that same jurisdiction to district courts, but only for claims not exceeding $10,000. 28 U.S.C. § 1346(a)(2). These statutory provisions "do not themselves create substantive rights"; they

---

[2] That the parties (now) agree on this issue is immaterial, since parties cannot by agreement confer subject-matter jurisdiction on a court otherwise lacking it. *E.g.*, *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

"are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law."[3] *Bormes*, 568 U.S. at 10 (cleaned up).

The EPA (as part of the FLSA) gives aggrieved employees a right of action for money damages against their employers:

> Any employer who violates the provisions of section 206 . . . of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation,[4] as the case may be, and in an additional equal amount as liquidated damages. . . . *An action to recover the liability prescribed in the preceding sentence[] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction* by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b) (emphasis added). Two observations are relevant here. First, the government is expressly identified as a suable (and thus potentially liable) employer. *Id.*; *see also id.* § 203(d) ("Employer"), (x) ("Public agency"). Second, the forum designated for FLSA and EPA money-

---

[3] Unless otherwise specified, subsequent references to simply the "Tucker Act" contemplate both the "Big" and "Little" versions.

[4] The EPA further provides that "[f]or purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of [the EPA] shall be deemed to be unpaid minimum wages or unpaid overtime compensation" under the FLSA. 29 U.S.C. § 206(d)(3).

damages claims is "any Federal or State court of competent jurisdiction." *Id.* § 216(b).

In *Zumerling v. Devine*, 769 F.2d 745 (Fed. Cir. 1985), we addressed the appropriate forum for FLSA money-damages claims against the government. There, a district court heard such claims brought by individual federal firefighters. It based its jurisdiction on the Little Tucker Act only after satisfying itself that the firefighters' respective claims did not exceed $10,000. *See id.* at 746, 748. On appeal, the firefighters argued that their claims did not need to be so limited in amount because the district court had jurisdiction *independent* of the Little Tucker Act. *Id.* at 749. We disagreed. After acknowledging that § 216(b) authorizes FLSA suits "in any Federal or State court of competent jurisdiction," we concluded that "the words 'of competent jurisdiction' tell us that the words do not stand alone but *require one to look elsewhere to find out what court, if any, has jurisdiction.*" *Id.* (emphasis added). We then relied on precedent from our predecessor court holding that the Court of Federal Claims "was thus designated where the suit was against the Federal Government."[5] *Id.* Accordingly, because when looking "elsewhere" it was the Tucker Act that supplied the referenced jurisdiction over FLSA claims against the government, it was the Little Tucker Act that supplied the district court's jurisdiction. We therefore enforced its $10,000 limit. *See id.*

We reaffirmed *Zumerling* ten years later in *Saraco v. United States*, 61 F.3d 863 (Fed. Cir. 1995). There, federal-employee plaintiffs brought FLSA money-damages claims against the government in district court. Because the district court concluded that only the Little Tucker Act could

---

[5] Although *Zumerling* stated that it was the "Court of Claims" that was "thus designated," *id.*, the reference was to the trial division of that court, which is now the Court of Federal Claims.

give it subject-matter jurisdiction, and because at least some of the claims were for over $10,000, it transferred them to the Court of Federal Claims under § 1631. *Saraco v. Hallett*, 831 F. Supp. 1154, 1158–59 (E.D. Pa. 1993). The plaintiffs appealed the transfer, arguing that the Tucker Act was not the *only* source of jurisdiction for their claims and that, instead, a district court's federal-question jurisdiction renders it a court "of competent jurisdiction" for purposes of § 216(b). *Saraco*, 61 F.3d at 865 (noting that the plaintiffs had "invite[d] us to reconsider *Zumerling*, suggesting that it was not correctly decided"). We rejected the argument and reaffirmed *Zumerling*'s holding that jurisdiction over FLSA money-damages claims against the government is "provided *only by the Tucker Act*." *Id.* at 866 (emphasis added).

Then came the Supreme Court's decision in *Bormes*. That case concerned the Fair Credit Reporting Act ("FCRA"), which imposes money-damages liability for certain violations thereof, 15 U.S.C. §§ 1681n–1681o, and gives jurisdiction over claims to enforce that liability to "any appropriate United States district court, without regard to the amount in controversy, or . . . any other court of competent jurisdiction," *id.* § 1681p. The question in *Bormes* was whether the plaintiffs could rely on the Tucker Act—with its sovereign-immunity waiver—to supply jurisdiction over FCRA money-damages claims against the government. *See* 568 U.S. at 7, 10–11. The Court said no. It observed that the FCRA creates a "detailed remedial scheme," with provisions that "set out a carefully circumscribed, time-limited, plaintiff-specific cause of action, and also precisely define the appropriate forum." *Id.* at 15 (cleaned up). And "[w]here, as in [the] FCRA, a statute contains its own self-executing remedial scheme, we look only to that statute to determine whether Congress intended to subject the [government] to damages liability." *Id.* at 11; *see id.* at 13 (concluding that the FCRA's self-executing remedial scheme "supersedes the gap-filling role of

the Tucker Act"). The plaintiffs therefore could not "mix and match" the FCRA's provisions with the Tucker Act's sovereign-immunity waiver to create an action against the government. *Id.* at 15.

In *Abbey*, we concluded that *Bormes* did not upset our precedent applying the Tucker Act to FLSA money-damages claims against the government. We explained that, in *Bormes*, the Supreme Court determined that the FCRA implemented a remedial scheme sufficient to displace Tucker Act jurisdiction because (among other things) the FCRA "precisely define[d] the appropriate forum" by giving jurisdiction to identified courts. 745 F.3d at 1369 (quoting *Bormes*, 568 U.S. at 15). In particular, the FCRA gave jurisdiction to "any appropriate United States district court"—which, we noted, was a forum unavailable under the Tucker Act for claims over $10,000. *Id.* at 1369–70 (quoting 15 U.S.C. § 1681p). We then reasoned:

> In sharp contrast to the statute at issue in *Bormes*, the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits, or any other basis, from which one can infer that application of the Tucker Act would override choices about suing the government embodied in the remedial scheme of the statute providing the basis for liability. That statute-specific conclusion takes this FLSA case outside the reach of the *Bormes* principle.

*Id.* at 1370; *see id.* ("The crucial language [in the FLSA]— 'any Federal or State court of competent jurisdiction'—does not specify a forum that is contrary to that specified by the Tucker Act. In this respect, it differs critically from the [FCRA].").

With *Bormes* thus distinguished, we examined § 216(b)'s provision—"any Federal or State court of competent jurisdiction"—in light of the fact that, in the FLSA, Congress clearly meant to subject the government to

money-damages suits. And, citing "the background principle that waivers of sovereign immunity are generally tied to particular courts," we concluded that "[w]ith [§] 216(b) so plainly having authorized damages suits against the [government], it is natural to read the provision as *implicitly specifying a forum (the Tucker Act forum)* in order to complete the waiver of sovereign immunity." *Id.* (emphasis added); *see id.* ("[G]iven that, in the FLSA, Congress plainly meant to subject the [government] to damages suits for violations . . . , the fairest reading of [§] 216(b) is that it affirmatively invokes the forum specification for those damages suits found outside the four corners of the FLSA. *The Tucker Act is the only available specification that has been identified.*" (emphasis added)). Accordingly, we held that the Tucker Act gave the Court of Federal Claims subject-matter jurisdiction over plaintiffs' FLSA money-damages claims against the government. *Id.* at 1368–69. This holding, we noted, was supported by consistent precedent from this court and others spanning 30 years. *Id.* at 1369 (collecting cases); *see id.* at 1371.

II

*Abbey* dictates that district courts lack subject-matter jurisdiction over FLSA or EPA claims against the government for over $10,000. Although the parties insist that *Abbey* held only that the Court of Federal Claims *has* jurisdiction over such claims—and that, therefore, we may conclude that district courts *also* have it through their 28 U.S.C. § 1331 federal-question jurisdiction—such a conclusion would be incompatible with *Abbey*'s reasoning.

In *Abbey*, we reasoned that the Court of Federal Claims had Tucker Act jurisdiction over the FLSA claim at issue because, in light of § 216(b) having clearly authorized damages suits against the government, its provision for "any Federal or State court of competent jurisdiction" was "natural[ly]" read as "implicitly specifying a forum"—"the Tucker Act forum." *Id.* at 1370. This forum specification

was made "in order to complete the waiver of sovereign immunity, given the background principle that waivers of sovereign immunity are generally tied to particular courts." *Id.* So, although the government had argued in *Abbey* (as the parties do here) that § 216(b) works with § 1331 to give district courts jurisdiction over FLSA money-damages claims against the government,[6] we still maintained that "[t]he Tucker Act is the *only* available specification that has been identified." *Id.* (emphasis added). In other words, the *Abbey* court didn't validate the Court of Federal Claims' jurisdiction over FLSA money-damages claims against the government merely because the Tucker Act was *one* source of such jurisdiction; it did so because the Tucker Act was the *only* such source.

Other aspects of *Abbey* confirm this reading. For example, the opinion observed that "[w]e long ago adopted" the interpretation that the Tucker Act provides the forum for FLSA or EPA money-damages suits against the government. *See id.* at 1371. And, in support of the point, we quoted with approval a statement the government made in its brief in the *Saraco* case: "Where the Federal Government is sued for damages or back pay [under § 216(b)], *the court of competent jurisdiction can only be one exercising Tucker Act jurisdiction*, *i.e.*, the [Court of Federal Claims], or, for claims less than $10,000, a district court." *Id.* (second alteration in original) (emphasis added) (quoting Br. for Defs.-Appellees, *Saraco*, 61 F.3d 863 (Fed. Cir. 1995) (No. 94-1073), 1994 WL 16181941, at *8). That the *Abbey* court specifically endorsed this position reinforces that its result rested on the understanding that the Tucker Act was

---

[6] *See* Appellant's Br. at 31–32, *Abbey*, 745 F.3d 1363 (Fed. Cir. 2014) (No. 13-5009), ECF No. 32; Reply Br. at 2, 8, *Abbey*, 745 F.3d 1363 (Fed. Cir. 2014) (No. 13-5009), ECF No. 40.

the only source of jurisdiction for FLSA money-damages claims against the government.

We are not alone in reading *Abbey* this way. Every court to have considered this issue in view of *Abbey* has done so. *See, e.g.*, *Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 287 n.5 (D.D.C. 2017) (discussing *Abbey*, then noting "agree[ment] with the Federal Circuit and other courts that *Bormes* does not disturb longstanding precedent that the Court of Federal Claims has exclusive jurisdiction over FLSA and EPA claims against the [government] for damages exceeding $10,000"); *Adair v. Bureau of Customs & Border Prot.*, 191 F. Supp. 3d 129, 133 (D.D.C. 2016) (characterizing *Abbey* as having "held that *Bormes* did not disturb the settled precedent that exclusive jurisdiction over FLSA claims exceeding $10,000 lies in the Court of Federal Claims"); *ElHelbawy v. Pritzker*, No. 14-cv-01707-CBS, 2015 WL 5535246, at *13 (D. Colo. Sept. 21, 2015) (citing *Abbey* for the proposition that the "Tucker Act gives [the] Court of Federal Claims exclusive jurisdiction over FLSA claims seeking more than [$10,000] in damages"); *Janoski v. United States*, No. 13-272C, 2014 WL 1267010, at *1 (Fed. Cl. Mar. 26, 2014) (characterizing *Abbey* as "holding that the Tucker Act gives [the Court of Federal Claims] exclusive jurisdiction over FLSA claims seeking more than [$10,000] in damages").

Nor is this consistent reading of *Abbey* confined to the courts. In fact, the government itself recently embraced it. In a brief filed with the First Circuit—two months *after* filing its brief in this case—the government urged that court to "follow the reasoning of *Abbey*, and every other court to consider this question, and hold that the Court of Federal Claims has *exclusive jurisdiction* over [EPA] claims against the federal government in excess of $10,000." Br. for Defs.-Appellees at 18, *Stein v. Collins*, No. 20-1906 (1st Cir. Feb. 8, 2021) (emphasis added); *see id.* at 15 (maintaining that "post-*Bormes*, every court to consider the interaction of the FLSA and the Tucker Act has concluded that claims

against the [government] in excess of $10,000 *must be brought in the Court of Federal Claims*" (emphasis added)).[7]

In sum, both parties insist that *Abbey* didn't hold that a district court would lack jurisdiction over the claim here. But they don't square their preferred jurisdictional outcome with *Abbey*'s reasoning. They also don't explain how every other court to have considered this issue in view of *Abbey* has misread our opinion. The parties may, of course, question or disagree with *Abbey*. But their assertion that it doesn't bind us here is unpersuasive.

## Conclusion

For the foregoing reasons, and because we see no other impediment to the Court of Federal Claims' jurisdiction over Dr. Metzinger's EPA claim,[8] we affirm the district court's transfer to that court.

---

[7] The government recanted that position after this court informed it that it was maintaining inconsistent positions as between this appeal and the First Circuit appeal. *See* Citation of Suppl. Authority at 1 (Oct. 13, 2021), ECF No. 55; Appellees' Resp. to Appellant's Pet. for Reh'g En Banc at 1–2, 8, *Stein v. Collins*, No. 20-1906 (1st Cir. Aug. 30, 2021); *see also* Oral Arg. at 16:23–17:32, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1906_06102021.mp3.

[8] The district court correctly concluded that because Dr. Metzinger filed her EPA claim before her Title VII action, and because a § 1631-transferred claim is deemed filed in the transferee court on the date it was filed in the transferor court, 28 U.S.C. § 1500 does not bar the Court of Federal Claims' jurisdiction over Dr. Metzinger's EPA claim. *Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943, 949 (Ct. Cl. 1965) ("[W]e conclude that the only reasonable interpretation of [28 U.S.C. § 1500] is that it serves to

## AFFIRMED

---

deprive [the Court of Federal Claims] of jurisdiction of any claim for or in respect to which plaintiff has pending in any other court any suit against the [government], *only* when the suit shall have been commenced in the other court *before* the claim was filed in [the Court of Federal Claims]."); *see Brandt v. United States*, 710 F.3d 1369, 1379 n.7 (Fed. Cir. 2013) (noting that *Tecon*'s order-of-filing rule "remains the law of this circuit").